IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ANDREW CHANEY,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID E. COVINGTON, II., and<br>COVINGTON & ASSOCIATES, LLC<br><br>    Defendants. | COMPLAINT<br><br>JURY TRIAL DEMANDED |

## I.   INTRODUCTION

1. This is an action for damages and injunctive relief based on Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and Georgia common law.

2. Plaintiff seeks actual, statutory, and punitive damages, along with attorney's fees and costs.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d), as the claims arise under federal law.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendant Covington and Associates, LLC is located in Tift County, Georgia, which is within the Valdosta Division of the Middle District of Georgia.

### III.   PARTIES

5. Plaintiff Andrew Chaney ("Mr. Chaney") is a resident of Crisp County, Georgia and is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and the FDCPA, 15 U.S.C. §1692a(3).

6. Defendant David E. Covington, II ("Mr. Covington") is an individual who resides in Tift County, Georgia and is the owner, operator, and principal of Covington & Associates, LLC ("Covington & Assoc.") and C & C Home Improvement, LLC ("C & C")..

7. Defendant Covington & Assoc is a Georgia limited liability company located in Tift County, Georgia.

### IV.   FACTUAL ALLEGATIONS

8. In or about September 2021, Plaintiff Andrew Chaney hired C&C to install metal roofing on his home (hereinafter "Home Improvement 1").

9. On or about September 10, 2021, Mr. Covington, as owner and agent of C&C, entered into an agreement with Mr. Chaney to provide financing for the Home Improvement 1 and extended a loan in the principal amount of $19,800.00 (the "Loan Agreement 1").

10. Upon execution, Loan Agreement 1 was transferred to Foundation Finance Company, LLC as lender and servicer.

11. In or about October 2021, Plaintiff Andrew Chaney hired C&C to install vinyl siding on his home (hereinafter "Home Improvement 2").

12. On or about October 15, 2021, Mr. Covington, as owner and agent of C&C, entered into an agreement with Mr. Chaney to provide financing for the Home Improvement 2 and extended a loan in the principal amount of $16,750.00 (the "Loan Agreement 2").

13. Following execution, Loan Agreement 2 was serviced by PowerPay, LLC.

14. In August, 2023, Mr. Chaney filed for personal bankruptcy protection pursuant to 11 U.S.C. §§ 701–784 *et seq.*, and received a discharge of personal debts, including the remaining balance on Loan Agreement 1 and Loan Agreement 2, in November, 2023.

15. On December 17, 2024, Mr. Covington, as owner and agent of Covington & Assoc, without a "permissible purpose" as defined by 15 U.S.C. § 1681(b), and without the authorization of Mr. Chaney, made an inquiry on or otherwise obtained Mr. Chaney's credit report (hereinafter "pull(ed) his credit report") using the services of a credit reporting organization entitled MCBCC Home Improvement.

16. On June 12, 2025, Mr. Covington, as owners and agent of Covington & Assoc., without a "permissible purpose" as defined by 15 U.S.C. § 1681(b), and without the authorization of Mr. Chaney, pulled Mr. Chaney's consumer report using the services of a consumer reporting agency named Merchant's Credit Bureau.

17. Upon information and belief, MCBCC Home Improvement and Merchant's Credit Bureau identify the same consumer reporting agency.

18. On June 12, 2025, Mr. Chaney received an electronic notice from a credit monitoring service that an inquiry was made on his consumer report for the purpose of a credit transaction by Covington & Assoc.



19.     On June 12, 2025, upon becoming aware of the unauthorized inquiries, Mr. Chaney called Covington & Assoc. and spoke with Mr. Covington, who provided no explanation for the credit inquiries and, instead, berated Mr. Chaney for receiving a discharge of indebtedness in bankruptcy and stated, " . . . Mr. Chaney went bankrupt and did not pay for the materials I put on his house . . . ."

20.     Later, on June 23, 2025, Mr. Covington called Mr. Chaney and threatened to publish his consumer report online in retaliation for a negative Google review Mr. Chaney previously posted about C&C's installation work, stating, " . . . I'm gonna bash you on the internet. You bash me. I'm gonna put your credit report on the Internet . . . .".

21.     Mr. Chaney never provided written or oral, express or implied, authorization for either of the aforementioned credit inquiries.

22.     The aforementioned inquiries were hard inquiries on Mr. Chaney's credit file and adversely affected his credit score.

4

23. Mr. Covington and Covington & Assoc. had no permissible purpose under the FCRA to access Mr. Chaney's consumer file or consumer report and used the consumer report for the purpose of shaming Mr. Chaney into making payment of a discharged debt.

## V. CLAIMS FOR RELIEF

### COUNT I

### Violation of the FCRA (15 U.S.C. § 1681b and § 1681n)

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c), and his/her credit information constitutes a "consumer report" as defined by 15 U.S.C. § 1681a(d).

26. On or about December 17, 2024, Defendant Mr. Covington accessed or caused to be accessed Plaintiff's consumer report from a consumer reporting agency without a permissible purpose as required under 15 U.S.C. § 1681b.

27. Defendant Mr. Covington accessed Plaintiff's consumer report for personal reasons, including harassment and intimidation, and not for any legitimate business need or permissible purpose under the FCRA.

28. Such actions willfully or, in the alternative, recklessly or negligently violated the FCRA. 15 U.S.C. § 1681n and § 1681o.

29. As a result of Defendant's unauthorized access, Plaintiff has suffered actual damages, including, but not limited to, anxiety, frustration, loss of sleep, loss of time, diminished credit score, expense involved in rectifying the adverse effect to Plaintiff's credit score, loss of credit availability, loss of credit availability on the same or similar terms but for the hard inquiries, and invasion of privacy.

30. As a result, Plaintiff is entitled to statutory damages, actual damages, punitive damages, and attorney's fees and costs in an amount to be determined by a jury.

## COUNT II

### Violation of the FCRA (15 U.S.C. § 1681b and § 1681n)

31. Plaintiff incorporates paragraphs 1 through 24 as if they have been fully set forth herein.

32. On or about June 12, 2025, Defendant Mr. Covington accessed or caused to be accessed Plaintiff's consumer credit report from a consumer reporting agency without a permissible purpose as required under 15 U.S.C. § 1681b.

33. Defendant Mr. Covington accessed Plaintiff's consumer report for personal reasons, including harassment and intimidation, and not for any legitimate business need or permissible purpose under the FCRA.

34. Such actions willfully or, in the alternative, recklessly or negligently violated the FCRA. 15 U.S.C. § 1681n and § 1681o.

35. As a result of Defendant's unauthorized access, Plaintiff has suffered actual damages, including, but not limited to, anxiety, frustration, loss of sleep, loss of time, diminished credit score, expense involved in rectifying the adverse effect to Plaintiff's credit score, invasion of privacy, loss of credit availability, loss of credit availability on the same or similar terms but for the hard inquiries, diminished credit score, and diminished credit security.

36. As a result, Plaintiff is entitled to statutory damages, actual damages, punitive damages, and attorney's fees and costs in an amount to be determined by a jury..

## COUNT III

**Vicarious Liability – Violation of the FCRA (15 U.S.C. § 1681b and § 1681n)**

**Against Defendant Covington and Associates, LLC**

37. Plaintiff incorporates paragraphs 1 through 24 of this Complaint as if they have been fully set forth herein.

38. Defendant Mr. Covington is an individual who, at all relevant times, was an owner and agent of Covington & Assoc. and acted within the scope and/or color of his/her agency.

39. Defendant Covington & Assoc provided access to credit reporting systems and/or facilitated the use of Plaintiff's personal identifying information, including information necessary to obtain a consumer report.

40. Defendant Covington and Associates is vicariously liable for the acts and omissions of its agent, Mr. Covington, under the doctrine of respondeat superior because Mr. Covington was acting within the scope of his employment when he accessed Plaintiff's consumer reports on two separate occasions.

41. The unauthorized hard inquiries in December 2024 and June 2025 were done for the purpose of harassment or other improper motives.

42. As a result, Defendant Covington & Assoc is jointly and severally liable with Defendant Mr. Covington for all damages incurred by Plaintiff, including statutory, actual, and punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1681n.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. Judgment in favor of Plaintiff against Defendants jointly and severally on all claims;

B. Actual, statutory, and punitive damages under the FCRA;

C. Compensatory and punitive damages under Georgia law;

D. Attorney's fees and costs of litigation;

E. All such further relief as the Court deems just and proper.

Respectfully submitted,                    Date: July 12, 2025

/s/ Jason M. Gordon
_____
Georgia Bar No. 722539
Gordon@Law4GA.com
Law for Georgia, LLC
6075 Barfield Road
Sandy Springs, Georgia. 30328
Telephone: (470) 222-8406
Facsimile: (470) 232-1098

*Attorney for Plaintiff
David Chaney*